UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

INEZ GRIFFIN,

        Petitioner,

        v.                       Case No. 05-C-0978

DAVID CLARKE,
PEGGY A. LAUTENSCHLAGER,

        Respondents.

_____

ORDER

Petitioner Inez Griffin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is charged with misdemeanor theft of library materials in the Circuit Court for Milwaukee County, and a jury trial is set for December 19, 2005. The petitioner has not been detained pre-trial, but she claims that she is "in custody" for the purposes of filing a petition for a writ of habeas corpus because she is under restraints that are not generally shared with the public. The petitioner alleges that the state court proceedings violate the Fifth Amendment's double jeopardy clause because she earlier received a municipal citation for the same theft of library materials. The petitioner also asserts a number of other claims, including selective prosecution. The petitioner requests the court to terminate the state court prosecution against her.

The petitioner attaches to her petition a June 2, 2005 decision issued by the Wisconsin Court of Appeals. The court addressed the petitioner's second notice of appeal. In the order, the court indicates that the petitioner filed an earlier appeal from a nonfinal circuit court order which was dismissed on December 22, 2004, because the Court of Appeals lacked jurisdiction over the appeal. The court construed the petitioner's second notice of appeal as a petition for a writ of prohibition which it denied. The court also denied the petitioner leave to appeal to raise a double jeopardy claim. *See* Wis. Stat. § 808.03(2). The petitioner indicates that the Wisconsin Supreme Court denied her petition for review in August 2005.

A federal district court may deny a writ of habeas corpus outright, without a return from the respondent, when "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons stated below, the court must deny the petition.

Although the petitioner is not in actual, physical custody, the court determines that she is "in custody" for the purposes of her habeas corpus petition because she is subject to "restraints not shared by the public generally" due to the conditions of her bond. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973); *Jones v. Cunningham*, 371 U.S. 236, 239 (1963); *see also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300-01 (1986).

Unlike section 2254, section 2241 does not itself require exhaustion, but federal courts may nevertheless require it as a matter of comity. *See United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986 (E.D. Wis. 1999) (citations omitted). "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). A petitioner will be held to have exhausted his remedies before trial only in "special circumstances." *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).

A colorable double jeopardy claim presents such a "special circumstance." *See Blanck*, 48 F. Supp. 2d at 860; *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). The Fifth Amendment's double jeopardy clause protects against being put into jeopardy twice, not merely being punished twice. *See Blanck*, 48 F. Supp. 2d at 860. "Postponing review until after conviction would undermine the purpose of the double jeopardy clause, and for this reason a state criminal defendant with a colorable double jeopardy claim can seek pretrial habeas relief in federal court." *Id.* at 861. Additionally, the petitioner appears to have exhausted her available state court remedies by presenting a double jeopardy claim

- 3 -
Case 2:05-cv-00978-JPS   Filed 10/17/05   Page 3 of 6   Document 10

to both the Wisconsin Court of Appeals and the Wisconsin Supreme Court. The court, therefore, addresses the merits of the petitioner's double jeopardy claim.

The petitioner's double jeopardy claim is meritless:

> "[P]rosecutions for municipal ordinance violations are civil and not criminal in Wisconsin. The constitutional prohibition against double jeopardy applies only to multiple criminal prosecutions for the same conduct; as a result, a defendant may be criminally prosecuted even for conduct previously prosecuted as a municipal ordinance violation. *State v. Kramsvogel*, 124 Wis. 2d 101, 120, 369 N.W.2d 145 (1985); *State ex rel. Keefe v. Schmiege*, 251 Wis. 79, 86, 28 N.W.2d 345 (1947)."

*Butler v. Oak Creek-Franklin School District*, 172 F. Supp. 2d 1102, 1125 (E.D. Wis. 2001). The petitioner has not suggested any basis to conclude that the municipal proceeding is anything other than a civil proceeding.[1] The current criminal proceeding in state court, therefore, does not run afoul of the double jeopardy clause. *See Helvering v. Mitchell,* 303 U.S. 391, 399 (1938) ("Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense.").

With respect to the petitioner's other claims, the petitioner does not present a "special circumstance" that warrants the extraordinary remedy of pre-trial federal habeas relief. Unlike the petitioner's double jeopardy claim, the other claims can

---

[1] It is unclear from the petition whether the municipal proceeding is ongoing or whether it has concluded.

be presented and, if they have merit, vindicated at trial or on appeal. *See Blanck*, 48 F. Supp. 2d at 861. Other courts have similarly declined to interrupt state court proceedings to prematurely adjudicate claims in a federal habeas petition. *See id.* at 862; *Hirsch*, 66 F. Supp. 2d at 986-87; *see also Elrod*, 589 F.2d at 329 ("[W]e emphasize the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility for remedying constitutional violations committed by state law enforcement officials."). The court thereby avoids turning the writ of habeas corpus into a "pre-trial motion forum" for defendants in state court and causing the "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the action be and the same is hereby DISMISSED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this  17th  day of October, 2005.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge